**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| THOMAS TURNER, an individual, on behalf of himself and others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>LIBERTY MUTUAL RETIREMENT BENEFIT PLAN; LIBERTY MUTUAL MEDICAL PLAN; LIBERTY MUTUAL RETIREMENT BENEFIT PLAN RETIREMENT BOARD; LIBERTY MUTUAL GROUP INC., a Massachusetts company; LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts company; and, DOES 1–50, Inclusive,<br><br>*Defendants*. | Civil Action No. 1:20-cv-11530-FDS |

**DEFENDANTS' MOTION TO DISMISS**

Defendants Liberty Mutual Retirement Benefit Plan, Liberty Mutual Medical Plan, Liberty Mutual Retirement Benefit Plan Retirement Board, Liberty Mutual Group Inc., and Liberty Mutual Insurance Company (together, "Liberty Mutual") move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). As detailed in the accompanying Memorandum of Law, Plaintiff fails to state a claim for relief against Liberty Mutual for the following reasons:

1.      Plaintiff asserts that Liberty Mutual was obligated to credit him and other former employees of Safeco Insurance (which Liberty Mutual acquired in 2008) for their years of pre-acquisition Safeco employment in calculating those employees' cost-share obligations for post-retirement medical benefits. But Plaintiff's benefit plan that was in effect when he retired in 2019 forecloses this theory, because it states that for former Safeco employees (like Plaintiff and the class that he purports to represent), "[e]ligibility for cost sharing is based on your most recent hire

date of ***January 1, 2009*** and ***does not include any employment services with Safeco prior to January 1, 2009***."[1] Given this clear and unambiguous plan language, Plaintiff cannot show that he is entitled "to recover benefits due to him under the terms of his plan," as would be required to make out a claim under 29 U.S.C. § 1132(a)(1)(B); thus, his claim for ERISA benefits (Count I) fails.

2. Plaintiff has not plausibly alleged that the benefit plans in effect before 2019 entitled him to have his pre-acquisition Safeco employment credited. Moreover, any pre-2019 plans are not relevant in any event, because the benefits at issue here are non-vested medical benefits, which (unlike vested pension benefits) can be changed or terminated at any time. *See, e.g.*, *M&G Polymers USA, LLC v. Tackett*, 574 U.S. 427, 434-35 (2015) ("ERISA imposes elaborate minimum funding and vesting standards for pension plans," but "it explicitly exempts welfare benefits plans from those rules," so "employers or other plan sponsors are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare plans."); *Coffin v. Bowater Inc.*, 501 F.3d 80, 85 (1st Cir. 2007) ("It is well-established that ERISA does not prevent employers from adopting, modifying or terminating welfare plans at any time and for any reason.").

3. Plaintiff has not plausibly alleged that Liberty Mutual made oral or written representations that his pre-acquisition Safeco employment would be credited in calculating his cost-share obligations. Any such oral representations would also be irrelevant in any event, because ERISA plans must be "established and maintained pursuant to a written instrument," 29 U.S.C. § 1102(a)(1), and thus "cannot be modified orally." *Livick v. The Gillette Co.*, 524 F.3d

---

[1] Ex. 1 to Decl. of Shamis N. Beckley in Supp. of Defs.' Mot. to Dismiss ("Decl."), Liberty Mutual Health Plan Summary Plan Description (for U.S. Employees Only), eff. Jan. 1, 2019, at B-60 (emphasis added).

24, 31 (1st Cir. 2008). Any written alleged representations are likewise not relevant, unless they amount to actual formal amendments of the plan, *Guerra-Delgado v. Popular, Inc.*, 775 F.3d 776, 780-81 (1st Cir. 2014), and Plaintiff has not made any such allegations.

4. Plaintiff has not stated an ERISA claim for equitable relief under 29 U.S.C. § 1132(a)(3) (Count II), because the benefits at issue here were always subject to change and did not vest, and because Plaintiff has not plausibly alleged any representations by Liberty Mutual to the contrary or that were inconsistent with the terms of his plan. Plaintiff also has not plausibly alleged any underlying violation of ERISA that could provide a basis for any equitable remedy under 29 U.S.C. § 1132(a)(3).

5. Plaintiff has not stated a claim for violation of 29 C.F.R. § 2560.503-1(h)(2) (Count III) because that regulation does not provide a private cause of action, and because that regulation in any event does not authorize the statutory penalties that he seeks under 20 U.S.C. § 1132(c)(1). *See, e.g.*, *Shah v. Horizon Blue Cross Blue Shield*, 2016 WL 4499551, at *11 (D.N.J. Aug. 25, 2016) ("neither Section 503 of ERISA, 29 U.S.C. § 1133, nor its accompanying regulation, 29 C.F.R. § 2560.503-1, gives rise to a private cause of action"); *Medina v. Metro. Life Ins.Co.*, 588 F.3d 41, 48 (1st Cir. 2009) ("it is well established that a violation of § 1133 and its implementing regulations [like 29 C.F.R. § 2560.503-1(h)] does not trigger monetary sanctions under § 1132(c).").

6. Plaintiff has not stated a claim for violation of 29 C.F.R. § 2520.102-3(l) and 29 C.F.R. § 2520.102-2(a) (Count IV), because the operative 2019 Summary Plan Description ("SPD") stated that his pre-acquisition Safeco employment was excluded from the calculation of his post-retirement medical benefits, because Plaintiff does not identify any alleged deficiencies

in the pre-2019 SPDs, and because any such deficiencies would be irrelevant in any event because only the 2019 SPD that was in effect when Plaintiff retired is relevant.

For these reasons, and additional reasons as set forth more fully in the Memorandum of Law in Support of Motion to Dismiss, Liberty Mutual respectfully requests that the Court grant this motion, and dismiss the Complaint.

## REQUEST FOR ORAL ARGUMENT

Liberty Mutual respectfully requests oral argument on this motion.

Respectfully submitted,

/s/ *Shamis N. Beckley*

| | |
|---|---|
| Margaret H. Warner (*pro hac vice*) | Shamis N. Beckley (BBO # 697425) |
| MCDERMOTT WILL & EMERY LLP | MCDERMOTT WILL & EMERY LLP |
| 500 North Capital Street, NW | 200 Clarendon Street, Floor 58 |
| Washington, DC 20001-1531 | Boston, Massachusetts 02116-5021 |
| Telephone: 202.756.8000 | Telephone: 617.535.4000 |
| Fax: 202.756.8087 | Fax: 617.535.3800 |
| mwarner@mwe.com | sbeckley@mwe.com |

Dmitriy Tishyevich (*pro hac vice*)
Richard Diggs (*pro hac vice*)
MCDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, NY 10173-1922
Telephone: 212.547.5400
Fax: 212.547.5444
dtishyevich@mwe.com
rdiggs@mwe.com

November 9, 2020                                          *Counsel for Defendants*

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, I hereby certify that counsel for Liberty Mutual contacted counsel for Plaintiff in an attempt in good faith to resolve or narrow the issues presented by this motion. Plaintiff's counsel has not assented to the relief requested herein.

Dated:  November 9, 2020                             /s/ *Shamis N. Beckley*
                                                                        Shamis N. Beckley (BBO # 697425)

## CERTIFICATE OF SERVICE

I certify that this document, filed through the Court's ECF system, will be sent electronically to the registered participants in this matter as identified on the Notice of Electronic Filing.

Date:   November 9, 2020                              /s/ *Shamis N. Beckley*
                                                                        Shamis N. Beckley (BBO # 697425)