## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS TURNER, an individual, on behalf of himself and others similarly situated,<br><br>        *Plaintiff*,<br><br>v.<br><br>LIBERTY MUTUAL RETIREMENT BENEFIT PLAN; LIBERTY MUTUAL MEDICAL PLAN; LIBERTY MUTUAL RETIREMENT BENEFIT PLAN RETIREMENT BOARD; LIBERTY MUTUAL GROUP INC., a Massachusetts company; LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts company; and, DOES 1–50, Inclusive,<br><br>        *Defendants*. | Civil Action No. 1:20-cv-11530-FDS |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

Margaret H. Warner (*pro hac vice*)
MCDERMOTT WILL & EMERY LLP
500 North Capital Street, NW
Washington, DC 20001-1531
Telephone:  202.756.8000
Fax: 202.756.8087
mwarner@mwe.com

Dmitriy Tishyevich (*pro hac vice*)
Richard Diggs (*pro hac vice*)
MCDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, NY 10173-1922
Telephone: 212.547.5400
Fax: 212.547.5444
dtishyevich@mwe.com
rdiggs@mwe.com

November 9, 2020

Shamis N. Beckley (BBO # 697425)
MCDERMOTT WILL & EMERY LLP
200 Clarendon Street, Floor 58
Boston, Massachusetts 02116-5021
Telephone: 617.535.4000
Fax: 617.535.3800
sbeckley@mwe.com

*Counsel for Defendants*

<u>**TABLE OF CONTENTS**</u>

INTRODUCTION ................................................................................................................. 1

SUMMARY OF ALLEGATIONS ........................................................................................ 2

ARGUMENT ........................................................................................................................ 3

I.      The ERISA Claims (Counts I and II) Should Be Dismissed. ............................... 4

        A.      The ERISA § 502(a)(1)(B) Benefits Claim Fails. ................................... 4

        B.      The ERISA § 502(a)(3) Equitable Relief Claim Fails. .......................... 7

II.     The C.F.R.-Based Claims (Counts III and IV) Should Be Dismissed. ............................ 11

        A.      The 29 C.F.R. § 2560.503-1(h)(2) Claim Fails.................................... 11

        B.      The 29 C.F.R. §§ 2520.102-3(l) & 2520.102-2(a) Claim Fails. .......................... 13

CONCLUSION.................................................................................................................... 15

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Amara v. CIGNA Corp.*,
    925 F. Supp. 2d 242 (D. Conn. 2012) ........................................................................8

*Ashenbaugh v. Crucible Inc., 1975 Salaried Ret. Plan*,
    854 F.2d 1516 (3d Cir. 1988) ...............................................................................11

*Balestracci v. NSTAR Elec. and Gas Corp.*,
    449 F.3d 224 (1st Cir. 2006) ................................................................................10

*Barchock v. CVS Health Corp.*,
    886 F.3d 43 (1st Cir. 2018) ....................................................................................3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................................4

*Campbell v. BankBoston, N.A.*,
    327 F.3d 1 (1st Cir. 2003) .....................................................................................10

*Care First Surgical Ctr. v. ILWU-PMA Welfare Plan*,
    2014 WL 6603761 (C.D. Cal. July 28, 2014) ............................................... *passim*

*CIGNA Corp. v. Amara*,
    563 U.S. 421 (2011) ...................................................................................2, 7, 8, 9

*Coffin v. Bowater Inc.*,
    501 F.3d 80 (1st Cir. 2007) ............................................................................5, 7, 9

*Curtiss-Wright Corp. v. Schoonejongen*,
    514 U.S. 73 (1995) ...............................................................................................10

*Edes v. Verizon Commc'ns, Inc.*,
    417 F.3d 133 (1st Cir. 2005) ...............................................................................4, 5

*Govoni v. Bricklayers, Masons and Plasterers Int'l Union of Am., Local No. 5
    Pension Fund*,
    732 F.2d 250 (1st Cir. 1984) ................................................................................14

*Greer v. Operating Engineers Local 324 Pension Fund*,
    2017 WL 3891785 (E.D. Mich. Sept. 6, 2017) ..................................................5, 11

*Guerra-Delgado v. Popular, Inc.*,
    774 F.3d 776 (1st Cir. 2014) ................................................................................6, 7

*Halo v. Yale Health Plan, Dir. of Benefits & Records Yale Univ.*,
    819 F.3d 42 (2d Cir. 2016)........................................................................................12

*Hughes Aircraft Co. v. Jacobson*,
    525 U.S. 432 (1999)................................................................................................12

*Klein v. Nw. Mut. Life Ins. Co.*,
    2010 WL 11468652 (S.D. Cal. Sept. 15, 2010).....................................................11

*Kourinos v. Interstate Brands Corp.*,
    324 F. Supp. 2d 105 (D. Me. 2004).........................................................................9

*Lee v. ING Groep, N.V.*,
    829 F.3d 1158 (9th Cir. 2016)................................................................................13

*Livick v. The Gillette Co.*,
    524 F.3d 24 (1st Cir. 2008)......................................................................................6

*M&G Polymers USA, LLC v. Tackett*,
    574 U.S. 427 (2015).......................................................................................*passim*

*Marrero v. Aragunde*,
    341 F. App'x 656 (1st Cir. 2009).............................................................................1

*Mass. Mut. Life Ins. Co. v. Russell*,
    473 U.S. 134 (1985)................................................................................................12

*Medicomp, Inc. v. UnitedHealthcare Ins. Co.*,
    2012 WL 12899022 (M.D. Fla. Nov. 16, 2012)..............................................11, 12

*Medina v. Metro. Life Ins.Co.*,
    588 F.3d 41 (1st Cir. 2009)....................................................................................13

*Riley v. Metro. Life Ins. Co.*,
    744 F.3d 241 (1st Cir. 2014)....................................................................................6

*SEC v. Tambone*,
    597 F.3d 436 (1st Cir. 2010) (en banc)....................................................................4

*Shah v. Horizon Blue Cross Blue Shield*,
    2016 WL 4499551 (D.N.J. Aug. 25, 2016)............................................................11

*Turner v. Fallon Cmty. Health Plan, Inc.*,
    127 F.3d 196 (1st Cir. 1997)....................................................................................9

*US Airways, Inc. v. McCutchen*,
    569 U.S. 88 (2013)...................................................................................................4

**Statutes**

29 U.S.C. § 1102(a)(1) ..................................................................................................6

29 U.S.C. § 1132(a)(1)(B) ................................................................................... *passim*

29 U.S.C. § 1132(a)(3) ..........................................................................................2, 7, 8, 9

29 U.S.C. § 1132(c)(1) ................................................................................................13

29 U.S.C. § 1133 ..................................................................................................11, 13

**Other Authorities**

29 C.F.R. § 2520.102-2(a) ............................................................................2, 3, 13, 14

29 C.F.R. § 2520.102-3 ................................................................................................15

29 C.F.R. § 2520.102-3(l) ................................................................................... *passim*

29 C.F.R. § 2560.503-1 ....................................................................................11, 12, 13

29 C.F.R. § 2560.503-1(h) ................................................................................11, 13

29 C.F.R. § 2560.503-1(h)(2) ................................................................................11

29 C.F.R. § 2560.503-1(h)(2)(i) ............................................................................2, 3

29 C.F.R. § 2560.503-1(h)(2)(iii) ..........................................................................11

29 C.F.R. § 2560.503(l) ................................................................................................12

## INTRODUCTION

Plaintiff invokes the Court's jurisdiction under the Employee Retirement Income Security Act ("ERISA"). ERISA allows a litigant "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). Yet the Complaint fails to meet this most basic requirement—its claims are flatly contrary to the terms of the benefit plan put at issue. The federal courts require a litigant to plead plausible claims, especially under as reticulated a statute as ERISA. None of the counts in the Complaint contain sufficient particularity to state a plausible claim. For the reasons below, the Complaint must be dismissed under ERISA pleading standards.

1. Plaintiff contends that in calculating the cost-share of post-retirement medical benefits, Defendants (collectively, "Liberty Mutual") had to credit him and the putative class for their prior years of employment with Safeco Insurance, which Liberty Mutual acquired in 2008. But the benefit plan states that eligibility for these benefits "*does not include any employment services with Safeco prior to January 1, 2009*":[1]

- Effective February 1, 2019, former **Safeco employees** who (1) transitioned to Liberty Mutual on January 1, 2009; (2) have at least 10 years of continuous service with Liberty Mutual; (3) have attained age 55; and (4) are enrolled in the Plan immediately prior to retirement will be eligible for retiree health benefits under the Liberty Mutual Retiree Health Plan. Note: Eligibility for cost sharing is based on your most recent hire date of January 1, 2009 and does not include any employment service with Safeco prior to January 1, 2009.

This language is fatal to Plaintiff's claim in Count I.

---

[1] Ex. 1 to Decl. of Shamis N. Beckley in Supp. of Defs.' Mot. to Dismiss ("Decl."), Liberty Mutual Health Plan Summary Plan Description (for U.S. Employees Only), eff. Jan. 1, 2019, at B-60 (highlighting added). The Court can take judicial notice of this document. *Marrero v. Aragunde*, 341 F. App'x 656, 658 n.3 (1st Cir. 2009) ("when a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), then the court can review it upon a motion to dismiss.") (internal quotation marks omitted). Under the Liberty Mutual Retiree Medical Plan, the "Plan" is "the Liberty Mutual Retiree Plan, which consists of this document [the plan] and the SPDs incorporated hereunder by reference, as may be amended from time to time[.]" Ex. 2 to Decl., at 2 § 1.3(j). The "Plan" therefore incorporates subsequent SPDs. For ease of reference, Defendants will refer to the plan as modified by subsequent SPDs as the "Plan" for purposes of this brief.

2. Count II (ERISA Section 502(a)(3)) must be dismissed because the benefits at issue are ***non-vested* medical** benefits. "ERISA imposes elaborate minimum funding and vesting standards for pension plans" but "it explicitly exempts welfare benefits plans from those rules," so "[e]mployers or other plan sponsors are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare plans." *See, e.g.*, *M&G Polymers USA, LLC v. Tackett*, 574 U.S. 427, 434-35 (2015). Plaintiff relies on the framework of *CIGNA Corp. v. Amara*, 563 U.S. 421 (2011) to seek the equitable remedies of reformation and surcharge**.** *Amara* is inapposite—it addressed ***vested pension*** benefits. ERISA allows changes in non-vested medical benefits. Plaintiff has no plausible claim under pleading standards.

3. Count III alleges violation of 29 C.F.R. § 2560.503-1(h)(2)(i) based on Defendants' alleged failure to provide the full administrative record. It, too, fails to meet pleading standards because those regulations do *not* provide a private cause of action.

4. Count IV alleges Liberty Mutual's supposed failure to provide an adequate Summary Plan Description ("SPD"), as required by 29 C.F.R. § 2520.102-3(l) and 29 C.F.R. § 2520.102-2(a). It also must be dismissed because the operative SPD states that cost-sharing eligibility excludes Plaintiff's and the putative class's pre-acquisition Safeco employment, and Plaintiff does not plead how this language was inadequate.

## SUMMARY OF ALLEGATIONS

Plaintiff, a former Liberty Mutual employee, retired in 2019. ECF No. 1 ("Compl.") ¶ 5. Before becoming a Liberty Mutual employee, Plaintiff worked for Safeco, which Liberty Mutual acquired in or around 2008. *Id.* ¶ 5. He alleges that Liberty Mutual supposedly promised him and other former Safeco employees, both orally and in writing, that it would credit their years of Safeco employment in calculating post-retirement medical benefits. *Id.* ¶¶ 5, 33. Plaintiff fails to allege the specifics of a single such promise, who made it, to whom, when, and what was said.

Plaintiff contends that Liberty Mutual then supposedly reneged on its pre-2019 promises when he retired in 2019. *Id.* ¶ 6. This theory presents two fallacies. First, medical benefits are non-vested under ERISA, and thus could be changed or even terminated at any time. Indeed, the operative 2019 Plan stated: "[t]he Company can adopt any amendment to the Plan or ***terminate the Plan at any time***." Ex. 1 to Decl., at BEN 67 (emphasis added).

Second, and more fundamentally, the 2019 Plan stated: "[e]ligibility for cost sharing is based on your most recent hire date of January 1, 2009 and does ***not*** include any employment services with Safeco prior to January 1, 2009." Ex. 1 at B-60 (emphasis added). Plaintiff asserts that "the terms and conditions of the Plan provide Plaintiff and the Class with . . . past service credit for years Plaintiff was employed with Safeco," Compl. ¶ 41, but he does not acknowledge the Plan language, nor does he explain how he can square his benefits theory with that language.

In addition to asserting that Liberty Mutual denied him and the putative class Plan benefits and that he is entitled to equitable relief (Counts I and II), Plaintiff also submits that Liberty Mutual violated 29 C.F.R. § 2560.503-1(h)(2)(i) by allegedly refusing to provide him with certain documents related to his benefit denial (Count III). Finally, he argues that Defendants violated 29 C.F.R. § 2520.102-3(l) and 29 C.F.R. § 2520.102-2(a) by allegedly "fail[ing] to provide adequate SPDs" (Count IV, Compl. ¶ 86). Here, again, Plaintiff's pleading does not explain how the relevant terms of the 2019 SPD—the operative document that spelled out that his cost-share eligibility "does not include any employment services with Safeco prior to January 1, 2009," Ex. 1 at B-60—in any way failed to satisfy the above regulations.

## ARGUMENT

In ruling on a motion to dismiss under Rule 12(b)(6), a court "take[s] the complaint's well-pleaded facts as true, and [it] draw[s] all reasonable inferences in the plaintiffs' favor." *Barchock v. CVS Health Corp.*, 886 F.3d 43, 48 (1st Cir. 2018). To survive dismissal, "the complaint must

3

include 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (en banc) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Such inferences must be more than a mere possibility, and must be at least as plausible as any "obvious alternative explanation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548 (2007). If plaintiff fails to state a plausible claim under ERISA, dismissal is the appropriate remedy. *See, e.g.*, *Edes v. Verizon Commc'ns, Inc.*, 417 F.3d 133, 137 (1st Cir. 2005) (affirming dismissal of Section 502(a)(1)(B) claim where "plan documents" showed that plaintiffs were "not entitled to benefits" they sought).

## I.      The ERISA Claims (Counts I and II) Should Be Dismissed.

### A.      The ERISA § 502(a)(1)(B) Benefits Claim Fails.

A claim for ERISA benefits stands or falls on plan terms.  The statutory language is unequivocal, requiring a plaintiff to demonstrate entitlement to "benefits due to him ***under the terms of his plan***."  29 U.S.C. § 1132(a)(1)(B) (emphasis added).  The Supreme Court has confirmed repeatedly this statutory requirement, noting that "ERISA's principal function" is "to protect contractually defined benefits"—that is, benefits set forth in the plan—and ERISA's "statutory scheme, we have often noted, is built around reliance on the face of written plan documents."  *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 100-01 (2013).  "The plan, in short, is at the center of ERISA."  *Id.* at 101.

Plaintiff must therefore demonstrate that the terms of the plan actually ***entitle*** him to the benefit.  *See, e.g., Edes*, 417 F.3d at 137 (affirming dismissal because the terms of the plan showed that plaintiffs were "not entitled" to benefits at issue).  Not surprisingly, given this black-letter law, Plaintiff himself acknowledges that this case will turn on Plan language.  *See* Compl. ¶ 26 (alleging that common question of law and fact include "[w]hat the Plan documents say or said about the relevant benefits," "[w]hat the SPDs say or said about the relevant benefits," and "[w]hether the

terms of the Plan allow for the old Safeco employees to be entitled to credit for all years of employment with Safeco under the Plan if they remained employed by Liberty Mutual").  Despite that acknowledgement, Plaintiff still does not cite any Plan language to support that his pre-acquisition Safeco employment counts toward his cost-share eligibility.  Nor could he, because the operative Plan quashes this theory.  The Plan forecloses the additional benefits Plaintiff seeks for himself and the putative class; his Section 502(a)(1)(B) claim must be dismissed.  *See Edes*, 417 F.3d at 137.

Plaintiff falls back to several alternative arguments, and asserts that some unspecified ***pre***-2019 plan language, or some unspecified oral or written communications outside of the 2019 Plan supposedly entitle him to these additional benefits that the Plan does not provide.  *See* Compl. ¶¶ 33-35, 38-40.  This is unavailing.

*First*, any plans in effect before Plaintiff retired in 2019 cannot support his benefits claim. As the Supreme Court explained, "ERISA imposes elaborate minimum funding and vesting standards for ***pension*** plans" but "it explicitly excludes ***welfare*** benefits plans from those rules," so "[e]mployers or other plan sponsors are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare plans."  *M&G Polymers USA, LLC*, 574 U.S. at 434-35 (emphases added); *Coffin v. Bowater Inc.*, 501 F.3d 80, 85 (1st Cir. 2007) ("It is well-established that ERISA does not prevent employers from adopting, modifying or terminating welfare plans at any time and for any reason.").  Thus, Liberty Mutual was free to change Plaintiff's (and the putative class's) welfare benefits at any time—indeed, Liberty Mutual was free to terminate those benefits and even the entire plan altogether.  And the operative plan in fact told Plaintiff as much. *See* Ex. 1, at BEN 67 ("The Company can adopt any amendment to the Plan or terminate the Plan at any time.").

Moreover, a claim for ERISA benefits typically only "accrues when a fiduciary denies a participant benefits," or when "after a claim for benefits is made and a specific sum is sought, the ERISA plan repudiates the claim or the sum sought, and that rejection is clear and made known to the beneficiary." *Riley v. Metro. Life Ins. Co.*, 744 F.3d 241, 244-45 (1st Cir. 2014) (quotation marks omitted). Here, Plaintiff alleges he did not retire until 2019, Compl. ¶ 5, so his claim could not have accrued until 2019—that is, after the Plan became effective as of January 1, 2019.

*Second*, Plaintiff contends that he is entitled to these additional benefits based on certain unspecified oral representations that some unidentified "agents, employees and representatives" of Liberty Mutual allegedly made "[d]uring [the time of the 2008 acquisition] and during the transition" from Safeco to Liberty Mutual. Compl. ¶ 33. Again, Plaintiff fails to plausibly allege the specifics of a single such representation. But any such representations would be irrelevant in any event because ERISA plans must be "established and maintained pursuant to a written instrument," 29 U.S.C. § 1102(a)(1); thus, "ERISA plans . . . cannot be modified orally." *Livick v. The Gillette Co.*, 524 F.3d 24, 31 (1st Cir. 2008).

Because oral representations cannot create new benefits outside of the written plan, Plaintiff's assertions about these supposed oral representations cannot support his Section 502(a)(1)(B) claim. *See Livick*, 524 F.3d at 31; *Guerra-Delgado v. Popular, Inc.*, 774 F.3d 776, 780 (1st Cir. 2014) (affirming dismissal of Section 502(a)(1)(B) benefits claim where plaintiff did not allege that "the plain language of the Plan as adopted requires that he be credited for the years he worked at other firms"; plaintiff's allegations that "various fiduciaries of the Plan represented to him that [those prior years] would be counted" were insufficient as a matter of law because "[f]or [plaintiff] to be entitled to benefits under the terms of the Plan, those representations would

have to amount to Plan amendments," but such alleged promises "cannot plausibly have amended the Plan because ERISA plans cannot be modified orally").

*Third*, beyond these alleged and irrelevant oral representations that were separate from the 2019 Plan, Plaintiff also alleges that Liberty Mutual sent him and other former Safeco employees certain documents that supposedly "confirmed that the employees would receive full credit for the prior Safeco years."  Compl. ¶ 35.  Once again, Plaintiff fails to attach *any* such documents or even to plausibly allege what those documents actually said.  And, once again, any such written communications also would be irrelevant, unless Plaintiff could plausibly allege that those documents amounted to formal amendments of the Plan, which is impossible given the sequence of events Plaintiff alleged.  *See Popular, Inc.*, 774 F.3d at 780-81 (affirming dismissal of Section 502(a)(1)(B) benefits claim where documents that plaintiff argued showed that he was entitled to credit for prior years he worked at other firms did not "purport to make any change to the Plan"; thus, it was "not plausible that the Plan was amended by these documents."); *Coffin*, 501 F.3d at 86 ("only those written documents that ***clearly indicate*** that a plan is being changed or terminated meet ERISA's procedural requirements") (emphasis added).  Plaintiff has made no such allegations.

The only point that matters for Plaintiff's Section 502(a)(1)(B) claim is the terms of the plan in effect when he retired.  And as detailed above, the 2019 Plan does not provide the welfare benefits that Plaintiff seeks.  Count I should be dismissed accordingly.

**B.      The ERISA § 502(a)(3) Equitable Relief Claim Fails.**

Plaintiff's claim for equitable relief should be dismissed for several reasons.

*First*, Plaintiff's effort to fit this case into the framework of *CIGNA Corp. v. Amara*, 563 U.S. 421 (2011), by seeking the equitable remedies of reformation and surcharge under Section

502(a)(3) (Compl. ¶ 73) is an attempt to fit a square peg into a round hole.[2]  In *Amara*, defendants changed their employees' "pension plan" (not a welfare benefit plan), but "failed to give [the employees] proper notice of changes to their benefits, particularly because the new plan in certain respects provided them with less generous benefits."  563 U.S. at 424.  This was a violation of ERISA Section 204(h).  *Id.* at 432.  Defendants in *Amara* had promised "that the new plan would not take from its employees benefits ***they had already accrued***," and the district court then "held [defendants] to what [they] had promised" (albeit incorrectly under Section 502(a)(1)(B), rather than under Section 502(a)(3)).  *Id.* at 441 (emphasis added).

*Amara* presented very different facts: (1) plaintiffs had a ***vested benefit*** under a pension plan that defendants tried to reduce without following proper ERISA procedures; (2) defendants promised that those previously-vested benefits would not change as a result of adopting the new plan, and (3) this failure to provide adequate notice of benefit changes was a violation of ERISA that could serve as a predicate for an equitable remedy under Section 502(a)(3).  *See* 29 U.S.C. § 1132(a)(3) (allowing a participant "(B) to obtain other appropriate equitable relief (i) ***to redress such violations*** [i.e., ERISA violations] or (ii) to enforce any provisions of this subchapter or the terms of the plan.") (emphasis added); *Amara v. CIGNA Corp.*, 925 F. Supp. 2d 242, 249 (D. Conn. 2012) (on remand, relying on Section 502(a)(3) to grant equitable relief because "defects in [defendants'] notices have been found to have violated ERISA").

Plaintiff has not alleged anything similar here, and he cannot.  The medical benefits at issue had never vested and always were subject to change.  *Supra* at 5-6.  Plaintiff has not plausibly

---

[2] Plaintiff's request for the Court to "reform the plan" in accordance with the alleged "representations Defendants made to Plaintiff and the Class," Compl. ¶ 73, is also an admission that the ***actual*** terms of his benefit plan do not provide this alleged benefit, which is yet another reason to dismiss his Section 502(a)(1)(B) claim.

alleged any promises from Liberty Mutual that he had vested benefits (and again, such promises could not be squared with 2019 Plan language that unequivocally told Plaintiff the entire benefit plan could be terminated at any time and for any reason).  Plaintiff also has not alleged any underlying violation of ERISA (like the *Amara* defendants' failure to give proper notice of benefit changes) or of the terms of his plan, so there is no basis for any equitable remedy under Section 502(a)(3).  Plaintiff cannot rely on *Amara*.

*Second*, Plaintiff's claim for equitable relief suffers from other infirmities as well.  Plaintiff contends that Liberty Mutual supposedly promised him and other former Safeco employees that their "time of employment at Safeco would be credited for the purposes of calculating retirement medical benefits" and then failed to provide this benefit. Compl. ¶¶ 68-70.   None of those statements is supported by well-pleaded allegations.

The 2019 Plan unequivocally states that pre-acquisition Safeco employment would not be counted, and Plaintiff has not plausibly alleged a single contrary provision in the plan. And given that the 2019 Plan does not provide this benefit, Plaintiff cannot possibly state a cognizable claim for breach of fiduciary duty, as "ERISA does not impose a fiduciary duty to pay benefits that are excluded under the plan."  *Kourinos v. Interstate Brands Corp.*, 324 F. Supp. 2d 105, 108 (D. Me. 2004); *Turner v. Fallon Cmty. Health Plan, Inc.*, 127 F.3d 196, 200 (1st Cir. 1997) ("The notion that there is a fiduciary duty [under ERISA] to expend funds for treatment explicitly excluded from the plan would be quite a stretch.").

*Third*, any alleged oral or written representations that took place before and outside the 2019 Plan cannot support a claim for equitable relief given that, again, Liberty Mutual was free "for any reason at any time, to . . . modify, or terminate" Plaintiff's welfare benefit plan.  *M&G Polymers USA, LLC*, 574 U.S. at 434-35; *see also Coffin*, 501 F.3d at 85.  Plaintiff's welfare

benefits always were subject to change given this well-settled rule. Plaintiff has not alleged that those welfare benefits had ever vested, which they did not, nor does he point to any Plan language to plausibly suggest that those benefits had vested and could not change. Nor could he—his 2019 Plan told him otherwise. *See M&G Polymers USA*, 574 U.S. at 434-35; *Balestracci v. NSTAR Elec. and Gas Corp.*, 449 F.3d 224, 232-33 (1st Cir. 2006) (interpreting language in an SPD that granted the company "the right . . . to amend, modify, or terminate the Plan at any time," and holding that "this language can ***only*** be reasonably read to allow the company to terminate dental plan coverage.") (emphasis added).

In essence, Plaintiff contends that he can bring an ERISA claim because Liberty Mutual supposedly changed the Plan in 2019 to deprive him of welfare benefits. That is not a viable ERISA claim. *See Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995) (ERISA does not "establish any minimum participation, vesting, or funding requirements for welfare plans as it does for pension plans," and therefore, "that Curtiss-Wright amended its plan to deprive respondents of health benefits is not a cognizable complaint under ERISA; the only cognizable claim is that the company did not do so in a permissible manner."); *Campbell v. BankBoston, N.A.*, 327 F.3d 1, 7 (1st Cir. 2003) ("There are statutory limits, imposed by ERISA, on the ability of an employer to amend a plan involving vested benefits," but "employers have the right to amend or end a welfare benefit plan at any time"); *Balestracci*, 449 F.3d at 229-30 ("Unlike pension benefit plans, which are subject to strict vesting requirements, welfare benefits are not automatically vested under ERISA," and "ERISA does not create any substantive entitlement to . . . welfare benefits") (ellipsis in original).

II.     **The C.F.R.-Based Claims (Counts III and IV) Should Be Dismissed.**

    A.      **The 29 C.F.R. § 2560.503-1(h)(2) Claim Fails.**

In Count III, Plaintiff alleges that Liberty Mutual failed to provide certain documents that he argues are "relevant" and are part of the "administrative record" that must be produced under 29 C.F.R. § 2560.503-1(h). Compl. ¶¶ 78-79.  He seeks statutory penalties of $100 per day, as well as an order requiring Liberty Mutual to produce the full administrative record.  *Id.* ¶ 83.  This Count should be dismissed for two reasons:  (1) 29 C.F.R. § 2560.503-1 does not create a private cause of action; and (2) the statutory penalties that Plaintiff seeks are not available for violations of these regulations.

*First*, while it does not appear that the First Circuit has addressed this issue, courts in other circuits have held that a violation of claims procedure requirements set forth in 29 C.F.R. § 2560.503-1(h)(2) (and 29 U.S.C. § 1133, the statute that 29 C.F.R. § 2560.503-1 implements) does ***not*** give rise to a private ERISA claim.  *See, e.g.*, *Shah v. Horizon Blue Cross Blue Shield*, 2016 WL 4499551, at *11 (D.N.J. Aug. 25, 2016) (dismissing and noting that "recent decisions in this District" have "reached the conclusion that neither Section 503 of ERISA, 29 U.S.C. § 1133, nor its accompanying regulation, 29 C.F.R. § 2560.503-1, gives rise to a private cause of action"); *Ashenbaugh v. Crucible Inc., 1975 Salaried Ret. Plan*, 854 F.2d 1516, 1532 (3d Cir. 1988) (noting the "general principle that an employer's or plan's failure to comply with ERISA's procedural requirements does not entitle a claimant to a substantive remedy").[3]  Instead, the regulation ***itself***

---

[3] *See also, e.g.*, *Medicomp, Inc. v. UnitedHealthcare Ins. Co.*, 2012 WL 12899022, at *3 (M.D. Fla. Nov. 16, 2012) (dismissing claim based on alleged failure to comply with claims procedures, "because ERISA does not provide a private cause of action for damages due to the plan administrator's failure to satisfy § 1133"); *Klein v. Nw. Mut. Life Ins. Co.*, 2010 WL 11468652, at *4-5 (S.D. Cal. Sept. 15, 2010) (following "numerous federal appellate and district court decisions holding that a section 1332(c) claim cannot be premised on documents required only by a regulation," and dismissing claim premised on defendants' alleged "failure to produce documents required by 29 C.F.R. § 2560.503-1(h)(2)(iii)"); *Greer v. Operating Engineers Local 324 Pension*

contains a remedial provision that addresses a plan's "failure to establish and follow reasonable claims procedures," 29 C.F.R. § 2560.503(l), which indicates that this remedial provision is the exclusive remedy for any failure to follow such procedures.

The above decisions are squarely consistent with the Supreme Court's recognition that the "carefully integrated civil enforcement provisions found in § 502(a) . . . provide strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly." *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985) (emphasis in original); *accord, e.g.*, *Medicomp*, 2012 WL 12899022, at *3 (citing this language in finding that alleged violations of claims procedures do not give rise to a private cause of action, because "Congress intended for private ERISA disputes to focus on the terms of the benefit plan(s) at issue, not the degree to which the plan administrator followed the claims procedure").

And courts should be especially wary to recognize new remedies in the ERISA context, because "ERISA is a comprehensive and reticulated statute, and is enormously complex and detailed, [so] it should not be supplemented by extratextual remedies." *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 477 (1999) (citations and quotation marks omitted); *accord Halo v. Yale Health Plan, Dir. of Benefits & Records Yale Univ.*, 819 F.3d 42, 59 (2d Cir. 2016) (quoting this language from *Hughes* in reversing district court's holding that a plan's failure to comply with claims procedure regulations under 29 C.F.R. § 2560.503-1 could give rise to statutory penalties). The Court should follow the above cases, and hold that Plaintiff cannot bring an ERISA claim based on alleged violations of 29 C.F.R. § 2560.503-1.

---

*Fund*, 2017 WL 3891785, at *3 (E.D. Mich. Sept. 6, 2017) (noting that "courts addressing the issue have found that a failure to comply with ERISA's procedural requirements does not entitle a claimant to a substantive remedy," and dismissing claim).

*Second*, even if this were a viable claim (it is not), Plaintiff cannot recover the $100 per day statutory penalties that he seeks under 29 U.S.C. § 1132(c)(1).  Compl. ¶ 83.  Those penalties may be imposed on plan administrators under *Section 1132* for failure to produce certain plan-related documents; 29 C.F.R. § 2560.503-1(h), on the other hand, imposes certain claims procedure requirements pursuant to *Section 1133* on benefit plans, and not on plan administrators.

Thus, "[i]t is well established that a violation of § 1133 and its implementing regulations [like 29 C.F.R. § 2560.503-1(h)] does not trigger monetary sanctions under § 1132(c)."  *Medina v. Metro. Life Ins.Co.*, 588 F.3d 41, 48 (1st Cir. 2009); *see also, e.g.*, *Care First Surgical Ctr. v. ILWU-PMA Welfare Plan*, 2014 WL 6603761, at \*22 (C.D. Cal. July 28, 2014) ("the First, Third, Sixth, Seventh, and Eighth Circuits" have all "concluded that the plain language of § 1132(c) provides penalties only for violations of 'this subchapter,' which does not include § 1133"; "a plaintiff can thus not recover penalties under § 1132(c) for a violation of § 1133 or its implementing regulations."); *Lee v. ING Groep, N.V.*, 829 F.3d 1158, 1161 (9th Cir. 2016) (joining majority of circuits, including the First Circuit, in holding that "a failure to follow claims procedures imposed on benefits plans, as outlined in 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1, cannot give rise to a penalty under 29 U.S.C. § 1132(c)(1)").

## B.    The 29 C.F.R. §§ 2520.102-3(l) & 2520.102-2(a) Claim Fails.

Finally, in Count IV, Plaintiff contends that the SPDs he received did not meet 29 C.F.R. § 2520.102-3(l) (which requires the SPD to "clearly identify[] circumstances which may result in disqualification, ineligibility, or denial, loss, forfeiture, suspension, offset, reduction, or recovery . . . of any benefits that a participant or beneficiary might otherwise reasonably expect the plan to provide on the basis of the description of benefits required by paragraphs (j) and (k) of this section"), and 29 C.F.R. § 2520.102-2(a) (which requires the SPD to be "written in a manner calculated to be understood by the average plan participant").  Compl. ¶¶ 84-86.

Plaintiff once again ignores the operative SPD language.  He contends that "none of the plan descriptions indicate that [Liberty Mutual] intended that old Safeco employees not get credit for the time they were employed with Safeco for the purpose of calculation of benefits."  Compl. ¶ 86.  But that is precisely what the operative SPD states.  Ex. 1 at B-60 ("[e]ligibility for cost sharing is based on your most recent hire date of January 1, 2009 and does not include any employment services with Safeco prior to January 1, 2009").  Plaintiff does not even try to explain how this language fails to satisfy 29 C.F.R. §§ 2520.102-3(l) and 2520.102-2(a).

Nor can Plaintiff save this claim by pointing to pre-2019 SPDs, for multiple reasons.  *First,* only the 2019 SPD is relevant, given that Plaintiff alleges he retired in 2019, with his benefit denied thereafter.  Moreover, the Complaint does not allege how Plaintiff could possibly "show some significant reliance upon, or possible prejudice flowing from, the faulty plan description" from SPDs dated before 2019, as would be required to make out this claim.  *See Govoni v. Bricklayers, Masons and Plasterers Int'l Union of Am., Local No. 5 Pension Fund*, 732 F.2d 250, 252 (1st Cir. 1984).  The Complaint acknowledges that when Plaintiff retired in 2019, he did so ***knowing*** that the operative SPD excluded his pre-acquisition Safeco employment from the relevant benefits calculation.  Compl. ¶ 39 ("Only in 2019, after Mr. Turner reminded Liberty Mutual of its prior promises, did Liberty attempt to modify its SPDs to, now, purportedly exclude Safeco time from prior service credit.").  Moreover, given black-letter ERISA law that welfare benefit plans can be modified or terminated "for any reason at any time," *M&G Polymers USA, LLC*, 574 U.S. at 434-35, it is hard to see how Plaintiff could have reasonably relied on anything in the older SPDs to guarantee him any particular set of benefits at some future point when he retired.

*Second*, the premise of this claim—that Liberty Mutual supposedly had an obligation to explicitly state in older SPDs that it would exclude Safeco employment in calculating medical

cost-share obligations, Compl. ¶ 39—is unfounded.  29 C.F.R. § 2520.102-3(l) requires the SPD to "clearly identify[] circumstances which may result in" disqualification or denial of benefits that the member "might otherwise reasonably expect the plan to provide on the basis of the description of benefits required by paragraphs (j) and (k) of this section."  Section (k) applies to "employee pension benefit plan[s]," so it is inapplicable.  And section (j)—which applies to "the plan's requirements respecting eligibility for participation and for benefits"—does not help Plaintiff either, because he has not even identified language in pre-2019 SPDs that he believes fails to satisfy those federal regulations.

Again, to be clear, none of the pre-2019 SPDs are relevant.  But even if they were, the Complaint does not show how those SPDs failed to comply with 29 C.F.R. § 2520.102-2 or 29 C.F.R. § 2520.102-3.

## CONCLUSION

On all counts, the Complaint fails to comply with the plausibility standard for an ERISA action.  It should be dismissed.

Respectfully submitted,

/s/ *Shamis N. Beckley*

Margaret H. Warner (*pro hac vice*)
MCDERMOTT WILL & EMERY LLP
500 North Capital Street, NW
Washington, DC 20001-1531
Telephone:  202.756.8000
Fax: 202.756.8087
mwarner@mwe.com

Shamis N. Beckley (BBO # 697425)
MCDERMOTT WILL & EMERY LLP
200 Clarendon Street, Floor 58
Boston, Massachusetts 02116-5021
Telephone: 617.535.4000
Fax: 617.535.3800
sbeckley@mwe.com

Dmitriy Tishyevich (*pro hac vice*)
Richard Diggs (*pro hac vice*)
MCDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, NY 10173-1922
Telephone: 212.547.5400
Fax: 212.547.5444
dtishyevich@mwe.com
rdiggs@mwe.com

November 9, 2020

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that this document, filed through the Court's ECF system, will be sent electronically to the registered participants in this matter as identified on the Notice of Electronic Filing.

Date:   November 9, 2020          /s/ *Shamis N. Beckley*
                                 Shamis N. Beckley (BBO # 697425)

17