UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THOMAS TURNER, an individual, on behalf of himself and others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>LIBERTY MUTUAL RETIREMENT BENEFIT PLAN; LIBERTY MUTUAL MEDICAL PLAN; LIBERTY MUTUAL RETIREMENT BENEFIT PLAN RETIREMENT BOARD; LIBERTY MUTUAL GROUP INC.; LIBERTY MUTUAL INSURANCE COMPANY; and, DOES 1–50, Inclusive,<br><br>      Defendants. | Civil Action No.<br>20-11530-FDS |

### MEMORANDUM AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**SAYLOR, C.J.**

      This is an action arising under the Employee Retirement Income Security Act of 1974 ("ERISA), 29 U.S.C. § 1001. Plaintiff Thomas Turner contends that defendants Liberty Mutual Retirement Benefit Plan, Liberty Mutual Medical Plan, Liberty Mutual Retirement Benefit Plan Retirement Board, Liberty Mutual Group Inc., and Liberty Mutual Insurance Company (together, "Liberty Mutual") incorrectly calculated his cost-share obligations for his post-retirement medical benefits. Liberty Mutual calculates retirees' post-retirement medical benefits in part based on the retiree's years of service with the company. Turner contends that his time of employment at Safeco Insurance, prior to it being acquired by Liberty Mutual, were wrongfully

excluded from that "years of service" component.  Turner brings the action on behalf of himself and all current and former Liberty Mutual employees who were previously employees of Safeco Insurance and who participated in Liberty Mutual's benefit plan.

Liberty Mutual has moved for summary judgment on all claims.  But the parties have produced competing versions of what may be the critical document in the case:  the "Liberty Mutual Health Plan Summary Plan Description (For U.S. Employees Only), Effective January 1, 2019, Section B" document ("2019 SPD").  (*Compare* Beckley Decl., Ex. 1, *with* Winters Decl., Ex. A).  Moreover, the two plan documents differ in ways that are material to the resolution of the summary judgment motion.

For example, under the "Additional Provisions for Employees of Acquired Companies" section in the 2019 SPD proffered by Liberty Mutual, it states:

> Effective February 1, 2019, former Safeco employees who (1) transitioned to Liberty Mutual on January 1, 2009; (2) have at least 10 years of continuous service with Liberty Mutual; (3) have attained age 55; and (4) are enrolled in the Plan immediately prior to retirement will be eligible for retiree health benefits under the Liberty Mutual Retiree Health Plan.  Note:  Eligibility for cost sharing is based on your most recent hire date of January 1, 2009 and does not include any employment service with Safeco prior to January 1, 2009.

(Beckley Decl., Ex. 1 at B-60).  Under the "Additional Provisions for Employees of Acquired Companies" section in the 2019 SPD proffered by Turner, however, it states:

> Safeco employees employed with Safeco as of January 1, 2009 receive credit for prior employment service with Safeco for eligibility purposes only.
>
> Former grandfathered employees of Safeco Corporation (i.e., employees who were hired prior to January 1, 2004, were at least age 36 as of December 31, 2004 and whose age plus years of service at Safeco added up to at least 75 on December 31, 2004) and subsidiaries who transitioned to Participating Employers on January 1, 2009 who retire after December 31, 2013, will receive credit for purposes of eligibility and cost-sharing based on the following:

| Grandfathered Age and Service Points as of 12/31/2004 | Younger than Age 65 |

| | |
|---|---|
| **87 or more** | Company contribution category: 85<br>Credited service for multiplier[1]: 35 |
| **82 through 86** | Company contribution category: 85<br>Credited service for multiplier[1]: 32 |
| **78 through 81** | Company contribution category: 80 to 84<br>Credited service for multiplier[1]: 22 |
| **75 through 77** | Company contribution category: 70 to 74<br>Credited service for multiplier[1]: 12 |

[1] In the event that eligible credited service from January 1, 2009 forward is greater, the credited service can increase up to a maximum of 35 years of credited service

(Winters Decl., Ex. A at B-60).

The record is not clear as to whether Turner qualifies as a "former grandfathered employee" of Safeco under his version of the 2019 SPD, but if he does then that plan would appear to produce a different cost-sharing arrangement than does Liberty Mutual's version of the 2019 SPD.  "The only SPD that matters is the operative 2019 SPD."  (Def. Reply at 13).  But the Court cannot ascertain on this record which version of that document is genuine, or was operative at the relevant time.  Thus, there are genuine issues of material fact that preclude granting summary judgment, at least on the present record.  *See* Fed. R. Civ. P. 56.

For the foregoing reasons, defendants' motion for summary judgment will be denied without prejudice to its renewal.

**So Ordered.**

Dated: May 25, 2021

/s/ F. Dennis Saylor IV_____
F. Dennis Saylor IV
Chief Judge, United States District Court