1

1                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
2

3

4    THOMAS TURNER, an individual,      )
     on behalf                           )
5    of himself and others similarly    )  Civil Action
     situated,                           )
6                                        )  No. 20-11530-FDS
                         Plaintiff       )
7                                        )
                                         )
8    vs.                                 )

9    LIBERTY MUTUAL RETIREMENT
     BENEFIT PLAN,
10                       Defendant

11

12   BEFORE:  CHIEF JUDGE F. DENNIS SAYLOR, IV

13

14              TELEPHONIC SCHEDULING CONFERENCE

15

16

17      John Joseph Moakley United States Courthouse
                      1 Courthouse Way
18                    Boston, MA 02210

19
                       July 22, 2021
20                       2:45 p.m.

21

22

23            Valerie A. O'Hara, FCRR, RPR
                  Official Court Reporter
24      John Joseph Moakley United States Courthouse
                      1 Courthouse Way
25                    Boston, MA 02210
                E-mail: vaohara@gmail.com

```
 1   APPEARANCES VIA TELEPHONE:

 2   For The Plaintiff:

 3       Nicholas & Tomasevic, LLP, by ALEX M. TOMASEVIC,
     ESQ., and CRAIG M. NICHOLAS, ESQ., 225 Broadway, 19th
 4   Floor, San Diego, California 92101;

 5       Winters & Associates, by SARAH BALL, ATTORNEY,
     8489 La Mesa Boulevard, La Mesa, California 91942;
 6
         Chang Law Group LLC, by JEFF C. CHANG, ESQ.,
 7   One Marina Park Drive, Suite 1410
     Boston, Massachusetts 02210;
 8
     For the Defendant:
 9
         McDermott Will & Emery LLP, by DMITRIY TISHYEVICH,
10   ESQ., 340 Madison Avenue, New York, New York 10173;

11       McDermott Will & Emery LLP, by SHAMIS N. BECKLEY,
     ATTORNEY, 200 Clarendon Street, Boston, Massachusetts
12   02116-5021.

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                        PROCEEDINGS
 2          THE CLERK:  Court is now in session in the
 3   matter of Turner vs. Liberty Mutual Retirement Benefit
 4   Plan, Civil Action Number 20-11530.
 5          Participants are reminded that recording and
 6   rebroadcasting of this hearing is prohibited and may
 7   result in sanctions.
 8          Would counsel please identify themselves for
 9   the record, starting with the plaintiff.
10          MR. TOMASEVIC:  Good afternoon, everyone,
11   Alex Tomasevic for the plaintiff.
12          THE COURT:  Good morning.
13          MR. NICHOLAS:  Craig Nicholas, en banc, for the
14   plaintiff.  Sorry, sir.
15          MS. BALL:  That's okay, Sarah Ball for the
16   plaintiff.
17          MR. CHANG:  Good afternoon, your Honor,
18   Jeff Chang for the plaintiff.
19          THE COURT:  Good afternoon.  All right.
20          MR. TISHYEVICH:  Good afternoon, your Honor,
21   this is Dmitriy Tishyevich for Liberty Mutual.
22          THE COURT:  Good afternoon.
23          MS. BECKLEY:  And Shamis Beckley for Liberty
24   Mutual as well.
25          THE COURT:  Good afternoon.  This is the
```

(Timestamps: 02:44PM at line 10; 03:00PM at line 20)

1 scheduling conference in this case. I'm obviously
2 familiar with it, and I reviewed the parties' competing
3 proposals, and I am persuaded that what makes sense is
4 to conduct discovery on what plan was in place at the
5 relevant time period. There may be some subsidiary
6 questions in that.
7 Plaintiffs say or suggest, anyway, that the
8 plan documents may not have been enacted by the board
9 and express no opinion on that, but I think taking the
10 question somewhat broadly, which plan was in place
11 during the relevant times is something that we ought to
12 limit the first phase of discovery to because I think it
13 is dispositive, and issues such as plan interpretation,
14 once we've determined what plan does apply and how that
15 plan is determined does follow.
16 Obviously, ERISA plans do need to be in
17 writing, and if there remain factual issues beyond that
18 point and I have not resolved the case in favor of
19 defendants, we will open up discovery to the remaining
20 claims.
21 So, I do take the point that whenever you phase
22 discovery, there tends to be squabbling about that
23 discovery, which I would hope to discourage. One
24 problem with attempting to formalize that is you wind
25 up, you know, with people fighting about whether

|   |   |
|---|---|
| 1 | something is properly within Phase I or not, and, you |
| 2 | know, sometimes consuming pages of deposition testimony |
| 3 | over some relatively minor point, so I don't want this |
| 4 | to be played out that way. |
| 5 | I do think that discovery in this phase ought |
| 6 | to be limited to what is the plan that was in place at |
| 7 | the relevant time in preparation for briefing about |
| 8 | which plan is in place and what does it say, what does |
| 9 | it mean. |
| 03:03PM 10 | I will permit some penumbra around that, you |
| 11 | know, for additional discovery, but I think that's |
| 12 | basically the idea here, and I'm going to adopt |
| 13 | defendant's proposed timetable for conducting that, |
| 14 | which is that written discovery requests for discovery |
| 15 | shall be served. |
| 16 | The parties have proposed August 1st, which may |
| 17 | be a little fast given where we are. I'm going to |
| 18 | extend that somewhat, and August 1st is a Sunday. I'm |
| 19 | going to make that August -- actually, I'm going to make |
| 03:04PM 20 | that August 20th, and then depositions, fact discovery |
| 21 | on this issue shall be completed October 29th. |
| 22 | Any renewed motions for summary judgment on |
| 23 | this topic shall be filed by they proposed |
| 24 | November 24th, which is the Wednesday before |
| 25 | Thanksgiving. I think I'm going to save you all from |

1  yourself and move that back to November 22nd.  Any

2  oppositions shall be filed by December 20th, and any

3  reply memorandum by January 6th, and I will set it for

4  argument on what I expect will be summary judgment

5  motions for 2:30 on Thursday, January 13th, and I will

6  not issue a separate scheduling order on that, but we'll

7  put that in the clerk notes.

8  　　　　　I don't know if we need a status conference

9  between now and then, but in the interests of making

03:06PM 10  sure we stay on track, I'm going to schedule one.  So I

11  will want to check in Tuesday, October 12th at 12:00

12  noon eastern time by telephone.

13  　　　　　All right.  Let me pause there.  Any questions,

14  requests for clarifications, anything of that sort for

15  the plaintiff?

16  　　　　　MR. TOMASEVIC:  Yes, very briefly, your Honor,

17  and, again, this is Alex Tomasevic for the plaintiff.

18  So, the question of what was the plan, when was it

19  enacted, and when was it properly enacted, at most, only

03:07PM 20  speaks to the first cause of action for plan

21  interpretation under (a)(1)(B).

22  　　　　　Am I to understand then in essence or another

23  way to interpret the plan that you're laying out for us

24  is that discovery on the other causes of action or

25  Counts 2, 3, 4, this is essentially deferred?

                1              THE COURT:  Yes, that is the plan.

                2              MR. TOMASEVIC:  Okay.

                3              THE COURT:  Again, the devil may be in the

                4    details, and I will say this.  I'm also a fan of

                5    efficiency.  One of the reasons I normally don't like

                6    bifurcating or trifurcating or quadrificating things is

                7    sometimes you have, for example, deponents, you know,

                8    being called back again and again.

                9              I would expect that a question, as I say,

      03:08PM  10    that's maybe on the border of this issue or, you know,

               11    within the penumbra if it's something simple and you're

               12    all gathered anyway would be permissible.

               13              Again, I don't want to draw too strict a line

               14    because of that.  I don't want someone, you know, flying

               15    across the country, for example, you know, for an

               16    additional 10 minutes of questioning that could have

               17    been handled the first time around, but that's an

               18    abstract comment, okay.

               19              The point remains that I am persuaded that

      03:08PM  20    discovery should be so limited in the first phase and

               21    that discovery on other issues should be deferred.

               22              MR. TOMASEVIC:  I understand, your Honor,

               23    thank you.

               24              THE COURT:  For the defendants?

               25              MR. TISHYEVICH:  Understood, your Honor, and no

1  questions here.

2  THE COURT: Okay. All right. So let's see how

3  this goes then, and barring further developments, we

4  will regroup on October 12th and see where we are.

5  Okay?

6  MR. TOMASEVIC: Thank you for your time, your

7  Honor.

8  MR. TISHYEVICH: Thank you, your Honor.

9  (Whereupon, the hearing was adjourned at

10  3:08 p.m.)

11  C E R T I F I C A T E

12  UNITED STATES DISTRICT COURT )

13  DISTRICT OF MASSACHUSETTS ) ss.

14  CITY OF BOSTON )

15  I do hereby certify that the foregoing

16  transcript, Pages 1 through 8 inclusive, was recorded by me

17  stenographically at the time and place aforesaid in Civil

18  Action No. 20-11530-FDS, THOMAS TURNER, an individual, on

19  behalf of himself and others similarly situated, vs.

20  LIBERTY MUTUAL RETIREMENT PLAN and thereafter by me reduced

21  to typewriting and is a true and accurate record of the

22  proceedings.

23  Dated October 18, 2021.

24  s/s Valerie A. O'Hara

25  _____
VALERIE A. O'HARA
OFFICIAL COURT REPORTER