```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


THOMAS TURNER, on behalf of      )
himself and others similarly     )
situated,                        )  Civil Action
                                 )
                Plaintiffs       )  No. 20-11530-FDS
                                 )
vs.                              )
                                 )
LIBERTY MUTUAL RETIREMENT        )
BENEFIT PLAN; LIBERTY MUTUAL
MEDICAL PLAN; LIBERTY MUTUAL
RETIREMENT BENEFIT PLAN
RETIREMENT BOARD; LIBERTY
MUTUAL GROUP INC., a
Massachusetts
Company; LIBERTY MUTUAL
INSURANCE COMPANY, a
Massachusetts
Company; and, DOES 1-50,
Inclusive,
                Defendants


BEFORE:  CHIEF JUDGE F. DENNIS SAYLOR, IV


                TELEPHONIC STATUS CONFERENCE



        John Joseph Moakley United States Courthouse
                       1 Courthouse Way
                       Boston, MA 02210


                      November 15, 2021
                         11:00 a.m.

             Valerie A. O'Hara, FCRR, RPR
                   Official Court Reporter
        John Joseph Moakley United States Courthouse
                       1 Courthouse Way
                       Boston, MA 02210
                 E-mail: vaohara@gmail.com
```

```
1    APPEARANCES VIA TELEPHONE:

2    For The Plaintiffs:

3         Nicholas & Tomasevic, LLP, by ALEX M. TOMASEVIC, ESQ.,
     225 Broadway, 19th Floor, San Diego, California 92101;
4
          Winters & Associates, JACK B. WINTERS, JR., ESQ., and
5    SARAH BALL, ATTORNEY, 8489 La Mesa Boulevard, La Mesa,
     California 91942;
6
          Chang Law Group LLC, JEFF C. CHANG, ESQ.,
7    One Marina Park Drive, Suite 1410, Boston, Massachusetts
     02210;
8
     For the Defendants:
9
          McDermott Will & Emery LLP, by DMITRIY TISHYEVICH, ESQ.,
10   340 Madison Avenue, New York, New York 10173;

11        McDermott Will & Emery LLP, by SHAMIS N. BECKLEY, ESQ.,
     and ANNABEL RODRIGUEZ, ATTORNEY, 200 Clarendon Street, Boston,
12   Massachusetts 02116-5021.
```

|  |  |
|--|--|
| 1 | PROCEEDINGS |
| 2 | THE CLERK: Court is now in session in the matter of |
| 3 | Turner vs. Liberty Mutual Retirement Benefit Plan, et al., |
| 4 | Civil Action Number 20-11530. |
| 5 | Participants are reminded that photographing, |
| 6 | recording and rebroadcasting of this hearing is prohibited and |
| 7 | may result in sanctions. |
| 8 | Would counsel please identify themselves for the |
| 9 | record, starting with the plaintiff. |
| 03:58PM 10 | MR. WINTERS: Jack Winters on behalf of the plaintiff. |
| 11 | THE COURT: Good afternoon. |
| 12 | MR. TOMASEVIC: Alex Tomasevic also on behalf of the |
| 13 | plaintiff. |
| 14 | MS. BALL: Sara Ball on behalf of plaintiff. |
| 15 | THE COURT: Good afternoon. |
| 16 | MR. CHANG: Jeff Chang on behalf of the plaintiff. |
| 17 | THE COURT: Good afternoon. For Liberty? |
| 18 | MR. TISHYEVICH: For defendants, this is |
| 19 | Dmitriy Tishyevich. |
| 03:58PM 20 | THE COURT: Good afternoon. |
| 21 | MS. BECKLEY: Shamis Beckley for defendants as well. |
| 22 | THE COURT: Good afternoon. |
| 23 | MS. BECKLEY: Annabel Rodriguez for defendants. |
| 24 | THE COURT: Good afternoon. |
| 25 | MR. TISHYEVICH: And that's everyone on the |

<br>


---

PROCEEDINGS

THE CLERK: Court is now in session in the matter of Turner vs. Liberty Mutual Retirement Benefit Plan, et al., Civil Action Number 20-11530.

Participants are reminded that photographing, recording and rebroadcasting of this hearing is prohibited and may result in sanctions.

Would counsel please identify themselves for the record, starting with the plaintiff.

MR. WINTERS: Jack Winters on behalf of the plaintiff.

THE COURT: Good afternoon.

MR. TOMASEVIC: Alex Tomasevic also on behalf of the plaintiff.

MS. BALL: Sara Ball on behalf of plaintiff.

THE COURT: Good afternoon.

MR. CHANG: Jeff Chang on behalf of the plaintiff.

THE COURT: Good afternoon. For Liberty?

MR. TISHYEVICH: For defendants, this is Dmitriy Tishyevich.

THE COURT: Good afternoon.

MS. BECKLEY: Shamis Beckley for defendants as well.

THE COURT: Good afternoon.

MS. BECKLEY: Annabel Rodriguez for defendants.

THE COURT: Good afternoon.

MR. TISHYEVICH: And that's everyone on the

1    defendant's side.
2            THE COURT: All right. This is a status conference in
3    this case. I have pending plaintiff's motion for discovery.
4    Do you want to be heard on that, Mr. Winters?
5            MR. WINTERS: You want me to address the merit, your
6    Honor?
7            THE COURT: I'll give you an opportunity if you want.
8    I can take it on the papers if you prefer.
9            MR. WINTERS: Your Honor, I'll be very quick. I think
10   we believe we're entitled to the additional information
11   necessary to properly evaluate which of the various SBDs are
12   important for the court's consideration of the first cause of
13   action, and we're just asking the court to apply the general
14   rules of relevancy for that discovery. I want to make clear,
15   we're not asking for anything beyond that, your Honor, for
16   2018, 2019.
17           THE COURT: Well, that doesn't seem to be what the
18   record reflects. I mean, whether my decision was right or
19   wrong, I thought I needed to decide upfront what was the
20   operative plan or summary plan description, and I thought
21   that's what the whole focus was going to be here, and it seems
22   to me there's all kinds of requests in there for things that
23   may be relevant you may be entitled to depending on how the
24   litigation proceeds including, among other things,
25   administrative record and all of that, but it doesn't seem to

1  me that your requests are really limited to what was the
2  operative plan at the relevant time.
3        MR. WINTERS:  Your Honor, if I may, the principal
4  reason that the scope seems that way is that when we did make
5  requests to Liberty for what they considered to be relevant, we
6  got this list of documents.  We got all of these documents from
7  2018, 2019, we even got documents from before discussions, all
8  of the things that we raise in our motion have been produced by
9  Liberty as relevant to this issue.
04:00PM 10        If they had just simply produced documents relevant to
11  the amendment of the plan or the SBDs, perhaps we wouldn't be
12  doing this, but, in fact, they produced hundreds of pages,
13  which everything that we reference in our motion has been
14  produced by Liberty, and perhaps that's where the confusion
15  arises, but they think this is relevant to the issues that they
16  requested discovery on, so we thought that when I say we want
17  the rules of relevancy to apply, if they reference something,
18  like a conversation with my client on the phone, for purposes
19  of this determination, I should be able to see and listen to
04:01PM 20  that conversation, and I don't need to argue any more with the
21  court.
22        We're not trying to redo the court's order, I hope the
23  court understands that.
24        THE COURT:  Okay.  Who is going to take the lead for
25  Liberty in responding?

1     MR. TISHYEVICH: Dimitry, I'll be happy to. I'm not
2 going to rehash our brief. I thought that the order from the
3 July conference was fairly clear in terms of what discovery is
4 allowed, which is not, we then got this laundry list of very
5 wide ranging RFPs and objected to a number of them on that
6 basis. We did agree to produce various documents that all are
7 covered by the scope of your ruling, as I understood it,
8 including what was the process for, you know, for the changes
9 to the SBD, what notice was given to employees, like
04:02PM 10 Mr. Turner, for those changes, et cetera.
11     And so we're somewhat confused on the SBDs. I think
12 there are probably an e-mail or two that references Mr. Turner
13 making some kind of complaint, and then further on in that
14 document, there's discussion of, you know, updating or
15 clarifying the SBD with potential follow-up.
16     So, in our view, that would be responsive, but I
17 certainly don't think that opens up discovery to, well, now,
18 gosh, we've got to produce, you know, every single complaint
19 Mr. Turner has raised going back years, but I don't think that
04:03PM 20 was contemplated by the scope of your ruling.
21     THE COURT: All right. Let me ask you this, putting
22 aside whatever you've claimed as privileged or redacted as
23 privileged, as far as Liberty is concerned, have you produced
24 everything concerning, I guess, let's say which is the
25 operative SBD in 2019?

|  |  |
|---|---|
| 1 | MR. TISHYEVICH: Yes, we've done a good faith search, |
| 2 | and that was intended to get those documents, yes. |
| 3 | THE COURT: All right. And one of the reasons I'm |
| 4 | concerned about additional delays, what I'd like to do is to |
| 5 | get this issue one way or the other out of the way, and if the |
| 6 | case is going to proceed, then, you know, we'll open it up to |
| 7 | full discovery and get going, but I want to resolve this |
| 8 | reasonably promptly, which leads to the question as far as |
| 9 | Liberty is concerned, are you in a position where you could |
| 04:04PM 10 | produce the 30(b)(6) witness to talk about these issues? |
| 11 | MR. TISHYEVICH: Oh, yes, in case that isn't clear, |
| 12 | that deposition already took place. |
| 13 | THE COURT: Oh, it did. |
| 14 | MR. TISHYEVICH: It did, yes, on October 29th, but |
| 15 | then the fact discovery as ordered, yes. |
| 16 | THE COURT: Okay. |
| 17 | MR. TISHYEVICH: On the scheduling point, as I read |
| 18 | plaintiff's reply that they filed a couple of hours ago, it |
| 19 | doesn't sound like they're asking for the schedule to be |
| 04:04PM 20 | changed, and neither is Liberty Mutual with summary judgment |
| 21 | briefing, so it sounds like both sides are in alignment. It |
| 22 | should proceed as scheduled. |
| 23 | THE COURT: Remind me what the next deadline is. |
| 24 | MR. TISHYEVICH: The renewed motions for summary |
| 25 | judgment are due Monday, the 22nd, next Monday. |

1             THE COURT:  Next Monday, okay.  All right.  Do you
2   want to reply, Mr. Winters?
3             MR. WINTERS:  Yes, your Honor.  We don't want to
4   change (unintelligible).  The 30(b)(6) deposition was taken on
5   the last date of discovery.  We just got the transcript, and
6   we're not going to file any additional motions on it, but we
7   believe the same issues that we had raised in our motion
8   occurred during the 30(b)(6) deposition.  I don't want -- our
9   silence is that we still need to be meet and confer on that.  I
04:05PM 10  thought frankly that would be done in conjunction with what we
11  are just talking about today or whenever, so we're fine with
12  keeping the schedule going, your Honor.  There may be issues
13  with the 30(b)(6).  We don't need to discuss that today.
14            THE COURT:  All right.  Here's what I'm going to do.
15  I'm going to deny the motion for discovery without prejudice.
16  That is Document Number 64, Docket Number 64.  When I say
17  without prejudice, that is obviously, assuming the case
18  survives what appears to be another round of summary judgment
19  or a round of summary judgment, it may well be that many, if
04:06PM 20  not all of these requests, may prove to be irrelevant.  We can
21  take that up in due course.
22            Not having read the 30(b)(6) deposition, obviously,
23  and not quite having perhaps a full grasp on the issues, it's
24  possible that I may discover as we get into this process that,
25  you know, in fact, plaintiffs may be entitled to something else

1   on this, on the narrow issue, and, if so, we'll take that up in
2   due course, but it seems to me that as near as I can make out,
3   that sufficient information has been produced from which I can
4   ascertain on summary judgment what was the relevant summary
5   plan description and then ascertain what it said and ascertain
6   whether or not that defeats the plaintiff's claim or not, and
7   we'll take it from there, so I'm going to deny it without
8   prejudice.
9           Oh, and the other piece of it, of course, is I have
04:07PM 10  not done an in-camera privilege review on the matters, on the
11  privilege log, and it's possible that should such a procedure
12  be necessary that that conceivably could also result in
13  additional discovery.
14          So, hold on.  Let me look at the docket here.  So the
15  current timetable calls for reply memorandum filed by
16  January 6th, and did I put in a date for the hearing?  I don't
17  think I did.  Matt, can you give me a date somewhere,
18  January 8th, 10th, 12th, some time in that time frame for oral
19  argument on the motion?
04:08PM 20          THE CLERK:  How about Wednesday, January 12th at
21  2 p.m.?
22          THE COURT:  Wednesday, January 12th at 2 p.m., and as
23  much as I would like to force someone from Southern California
24  to come to Boston in the middle of the winter, I think we can
25  do that by Zoom.  Is that all right with you, Mr. Winters?

1   MR. WINTERS:  I like Boston, your Honor.  That's fine.
2   THE COURT:  Well, it's nicer in June than in January.
3   MR. WINTERS:  Well, it's a great place, your Honor.
4   THE COURT:  Wednesday, January 12th, 2 p.m. oral
5   argument on summary judgments, and we'll do that by Zoom.
6   All right.  Anything else?
7   MR. TISHYEVICH:  Nothing for Liberty.
8   MR. WINTERS:  Thank you.
9   (Whereupon, the hearing was adjourned at 4:09 p.m.)

C E R T I F I C A T E

UNITED STATES DISTRICT COURT )
DISTRICT OF MASSACHUSETTS ) ss.
CITY OF BOSTON )

    I do hereby certify that the foregoing transcript, Pages 1 through 11 inclusive, was recorded by me stenographically at the time and place aforesaid in Civil Action No. 20-11530-FDS, THOMAS TURNER, on behalf of himself and others similarly situated vs. LIBERTY MUTUAL RETIREMENT BENEFIT PLAN; LIBERTY MUTUAL MEDICAL PLAN; LIBERTY MUTUAL RETIREMENT BENEFIT PLAN RETIREMENT BOARD; LIBERTY MUTUAL GROUP INC., a Massachusetts Company; LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts Company; and, DOES 1-50, Inclusive, and thereafter by me reduced to typewriting and is a true and accurate record of the proceedings.

    Dated December 6, 2022.

    s/s Valerie A. O'Hara

_____

VALERIE A. O'HARA

OFFICIAL COURT REPORTER