1          UNITED STATES DISTRICT COURT

2            DISTRICT OF MASSACHUSETTS (Boston)

3                   No. 1:20-cv-11530-FDS

4

5   THOMAS TURNER,
             Plaintiff

6

7   vs.

8

9   LIBERTY MUTUAL RETIREMENT BENEFIT PLAN, et al
             Defendants

10

11                    * * * * * * * *

12

13

                For Telephone Hearing Before:
14          Chief Judge F. Dennis Saylor, IV

15

                    Status Conference
16

17              United States District Court
                District of Massachusetts (Boston.)
18              One Courthouse Way
                Boston, Massachusetts 02210
19              Friday, February 17, 2023

20

21                    * * * * * * * *

22

            REPORTER: RICHARD H. ROMANOW, RPR
23                Official Court Reporter
               United States District Court
24      One Courthouse Way, Room 5510, Boston, MA 02210
                 bulldog@richromanow.com
25

```
 1                  A P P E A R A N C E S

 2

 3   JACK B. WINTERS, ESQ.
     SARAH BALL, ESQ.
 4      Winters & Associates
        8489 La Mesa Boulevard
 5      La Mesa, CA 91942
        (619) 234-9000
 6      E-mail: Jackbwinters@earthlink.net
        For Plaintiff
 7

 8   DMITRIY TISHYEVICH, ESQ.
     RICHARD DIGGS, ESQ.
 9   ANNABEL RODRIGUEZ, ESQ.
        McDermott Will & Emery, LLP
10      340 Madison Avenue
        New York, NY 10173
11      (212) 547-5534
        Email: Dtishyevich@mwe.com
12      For Defendants

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1      P R O C E E D I N G S

2      (Begins, 3:00 p.m.)

3      THE CLERK:  Thomas Turner vs. Liberty Mutual

4  Retirement Benefit Plan, et al, Civil Action 20-11530.

5      I'm just reminding you that recording and

6  rebroadcasting of this hearing is prohibited and may

7  result in sanction.

8      Would counsel please identify themselves for the

9  record, starting with the plaintiff.

10      MR. WINTERS:  Jack Winters on behalf of the

11  plaintiff.

12      MS. BALL:  Sarah Ball on behalf of the plaintiff.

13      THE COURT:  Okay.

14      MR. TISHYEVICH:  And for defendants, Dmitriy

15  Tishyevich.  And I'll let my associates introduce

16  themselves.

17      MS. RODRIGUEZ:  Annabel Rodriguez on behalf of the

18  defendants.

19      THE COURT:  Good afternoon.

20      MR. DIGGS:  And Richard Diggs on behalf of the

21  defendants.

22      THE COURT:  Good afternoon.

23      All right.  This is a status conference in this

24  case.  I have two motions pending, a renewed motion for

25  summary judgment, if that's the right word, and Liberty

1  Mutual has made a motion to stay discovery.  The motion

2  to stay discovery is certainly, um, ripe.

3       Am I right that the summary judgment motion is not

4  yet ripe, Mr. Winters?

5       MR. WINTERS:  Yes, your Honor, we have not filed

6  our response to the motion for summary judgment and

7  we're awaiting this decision as to when that would be

8  done.

9       THE COURT:  All right.  Let me jump ahead to my

10 conclusion.

11      What I'd like to do, I think, is there's a lot of

12 moving pieces here and I think I would benefit from

13 hearing argument on both at the same time to try to get

14 a sense of, um, what makes sense going forward.

15      But do I hear you, Mr. Winters, saying you think

16 you need a decision on the motion to stay before a

17 decision on the motion for summary judgment?

18      MR. WINTERS:  No, your Honor, to be blunt with

19 you, I've sort of gone back both ways.  I don't want to

20 start discovery and then have it truncated or anything.

21 I'm actually of the opinion that the Court and all of us

22 would probably benefit from having both of these motions

23 heard at the same time, it's a very difficult situation

24 to grasp and I think the Court would be well-advised to

25 take both motions under submission at the same time and

render its opinion.  I hope we don't have to push it out
too far, but I can't see the benefit of starting
discovery only to have it interrupted by a hearing on a
motion for summary judgment.

THE COURT:  All right.  And from my standpoint I'm
not confident that I can make -- I'm not confident that
I can make an intelligent judgment at all at the end of
the day, but certainly not now, without a full grasp of
-- or a better grasp, I should say, of what all the
issues are.

But let me work backwards.  When do you think you
can get an opposition to the summary judgment motion --

MR. WINTERS:  Your Honor, we just -- we're
starting a trial, both law firms, um, very soon.  I
think we could get it done in 45 days, 60 days.

THE COURT:  From today?

MR. WINTERS:  I apologize, I know that's a little
long, but, your Honor, we're just very very busy.

THE COURT:  Um, all right, but that's pretty far
out.

Mr. Tishyevich, what's your view?

MR. TISHYEVICH:  Um, so I'm not sure what changed
with the discovery calculus.  As long as we're not
proceeding with discovery while these motions are
pending, we don't -- I don't have strong views on how

1　long it should take.  If they're asking for 45 to 50

2　days, we would ask for at least 14 days to reply.  We

3　don't know what their opposition is going to show.  But

4　actually as long as we're on board with discovery.  In

5　the meantime, I think this is all okay.

6　　　　THE COURT:  Okay, let me just do this.  Hold on.

7　Let's see.

8　　　　All right.  45 days takes us to the, um, end of

9　March.

10　　　　I'm going to direct that, um, oppositions to the

11　motion for summary judgment will be due April 5th.  Any

12　reply due by April 19th.  And I'd like to get it on the

13　calendar for a hearing by zoom, um -- let's see.

14　　　　(Pause.)

15　　　　How about the afternoon of April 26th, Wednesday,

16　April 26th, does that work?

17　　　　MR. WINTERS:  It works fine, your Honor.

18　　　　MR. TISHYEVICH:  And for the defendants as well.

19　　　　THE COURT:  All right.  So we'll say 2:00 by zoom

20　the afternoon of April 26th for the hearing on both

21　motions.

22　　　　In the meantime, I'm not saying I'm "staying

23　discovery," because that suggests I'm granting the

24　motion, I'm going to hold the discovery in "abeyance."

25　　　　Okay, how about that?

MR. WINTERS:  Very good, your Honor.

THE COURT:  I don't think it makes sense to put all of this on pause while I'm deciding that very motion.

MR. TISHYEVICH:  Your Honor, could I --

THE COURT:  Yes, go ahead, please.

(Interruption by Court Reporter.)

MR. TISHYEVICH:  I apologize.  This is Dmitriy Tishyevich for the defendants.  I just have one question.

THE COURT:  Yes, go ahead.

MR. TISHYEVICH:  All right.

We've briefed several of these issues several times until now and in reference to -- if the Court would like us to focus on some issue for the oral argument, I would be happy to do that.  I'd just like to save some time.  If not, we'll just show up prepared to argue whatever question may come up.  But if it may be helpful to focus us primarily, we'd be happy to do that as well.

THE COURT:  I mean it's hard to say in the abstract, you know.  I suppose there's a possibility that I could have some blinding flash of insight and realize that everything I've said until now is wrong, but I think the more likely scenario is I just want to

talk about what issues are new, um, or you know new in
terms of I haven't ruled on them yet --

MR. TISHYEVICH: Understood.

THE COURT: -- and how you know additional
discovery might intersect with the resolution of that
issue.

You know as you know, um, sometimes -- you know
frequently people say, "Well I can't respond at summary
judgment without having proper discovery or I need -- in
fairness I need X, Y, and Z information." And I don't
know the answer to any of that. I've been given this,
um -- I don't even have an opposition to the summary
judgment motion, you know, and --

MR. TISHYEVICH: Okay. Understood. But that's
very helpful guidance.

THE COURT: Just don't, um, be afraid to keep it
simple.

I'm sure you'd be surprised to hear that I don't
think about ERISA every waking moment of my life. But
sometimes I have to get my brain back in gear or in gear
at all, maybe. But, um, I'll leave it to you to present
the arguments as you see fit.

MR. TISHYEVICH: Thank you, your Honor.

THE COURT: All right.

Plaintiff, does all that work?

1          MR. WINTERS:  Very good, your Honor.

2          MR. TISHYEVICH:  Yes, as to the defendants.

3          THE COURT:  All right.  Okay.  Thank you all, take

4     care.

5          (Ends, 3:10 p.m.)

C E R T I F I C A T E

I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER, do hereby certify that the forgoing transcript of the record is a true and accurate transcription of my stenographic notes, before Chief Judge F. Dennis Saylor, IV, on Friday, February 17, 2023, to the best of my skill and ability.


/s/ Richard H. Romanow 02-22-23
_____
RICHARD H. ROMANOW  Date