**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| THOMAS TURNER, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL RETIREMENT BENEFIT PLAN; LIBERTY MUTUAL MEDICAL PLAN; LIBERTY MUTUAL RETIREMENT BENEFIT PLAN RETIREMENT BOARD; LIBERTY MUTUAL GROUP INC., a Massachusetts company; LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts company; and DOES 1–50, inclusive,<br><br>Defendants. | NO. 1:20-cv-11530-FDS |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

**CABELL, U.S.M.J.**

Plaintiff Thomas Turner ("Turner") has brought an action against Liberty Mutual Retirement Benefit Plan et al. ("Liberty Mutual") under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001. Following prior litigation, the complaint alleges that Liberty Mutual knowingly misrepresented that it would make certain contributions to the plaintiff's retirement plan when it knew it did not intend to do so, and thereby breached its fiduciary duty to him, in violation of 29 U.S.C. § 1132 (the 502(a)(3)

claim). Regarding the pending motion, Turner seeks to compel Liberty Mutual to produce a broad range of discovery spanning from several years, from around the time Turner joined Liberty Mutual following a merger with his prior employer, Safeco, to his retirement in or around 2019. Following briefing and a hearing, the motion to compel is granted in part and denied in part.

It bears noting at the outset that the parties vigorously dispute the scope of the plaintiff's 502(a)(3) claim. Liberty Mutual contends that the complaint at most asserts that a Liberty Mutual official, at some discrete point, and not through written plan materials, represented to Turner that Liberty Mutual would make certain contributions to his plan knowing the representation to be false. By contrast, Turner clarified at the hearing that the 502(a)(3) claim is meant to contend more broadly that Liberty Mutual made several misrepresentations over the course of multiple years. According to Turner, these misrepresentations began around the time of Safeco's merger with Liberty Mutual and ended around his retirement when Liberty Mutual stated it would not pay the benefits at issue.

Although a reading of the complaint as framed appears to favor the defendant's characterization, it is not necessary to decide the scope of Turner's § 502(a)(3) claim to resolve the pending motion to compel. That is because, even assuming the claim is read to allege a single misrepresentation at some as yet

undetermined point in time, the court has been persuaded that some of the information requested by the plaintiff, if in existence, could bear on whether and when a misrepresentation may have been made, and whether that misrepresentation may have been affirmed, reflected or refuted at other times through Liberty Mutual documents.

To be sure, Liberty Mutual has already produced some information bearing on this subject matter, including a pamphlet from the time of the merger explaining plan benefits, and all Summary Plan Documents ("SPDs") issued during Turner's employment at Liberty Mutual. Turner alleges that oral misrepresentations were made between the merger (circa 2009) and his retirement (circa 2019), and it is therefore unclear what relevant information could be found in documents from those intervening years (2010-2018), save of course for some surprise communication explicitly commenting on Liberty Mutual's intent to provide or deprive Mr. Turner of a benefit previously promised to him.

With this context, the court orders as follows. For the period surrounding the merger of Safeco and Liberty Mutual, circa 2009, and the period leading to Mr. Turner's retirement, 2017-2019, Liberty Mutual shall produce any and all communications that may bear on decisions to honor, dishonor, or amend the cost-sharing benefits offered to former Safeco employees like Mr. Turner. Based on concerns of burden and proportionality, the court does not

compel Liberty Mutual to search its records for those intervening years where there has been no specific allegation that any written misrepresentations were made, particularly where Liberty Mutual has already provided any SDPs issued during that time as well as audio copies of all pertinent phone conversations between Turner and Liberty Mutual. That said, and as the court noted at the hearing, Liberty Mutual, should it become so aware, has an ongoing obligation to produce any information bearing on representations made by Liberty Mutual throughout Turner's employment regarding Liberty Mutual's willingness to provide the cost-sharing benefits at issue. In all other respects, the motion to compel is denied.

**So Ordered**.

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED: October 8, 2024